MICAELA R. DE BÁEZ, Petitioner and Appellant, *v.* MUNICIPAL COURT OF SAN JUAN (SECOND SECTION), Respondent and Appellee.

No. 5990.   Argued January 30, 1933.—Decided February 7, 1933.

A. *Quirós Méndez* for appellant.   L. *Feliú* for plaintiff in the main action.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

In an unlawful detainer proceeding instituted by the Drug Company of Porto Rico against Micaela R. de Báez in the Municipal Court of San Juan, Second Section, judgment was rendered for the plaintiff and the eviction of the defendant

from the property she was occupying was decreed. The plaintiff moved to quash the summons. The municipal court decided that said summons was valid, and when the case was brought for review before the district court on a writ of certiorari, that court annulled the writ issued, and sustained the validity of the summons. The petitioner herein, defendant in the unlawful detainer proceeding, Micaela R. de Báez, appealed from the judgment of the district court, and notice of the appeal was served only on the Judge of the Municipal Court of San Juan, Second Section, to whom had been directed the writ of certiorari which was later discharged by said district court. The plaintiff in the unlawful detainer suit, Drug Company of Porto Rico, alleges under oath that notice of this appeal was not served on it, and further, that on July 10, 1932, the last extension of time granted to the appellant for filing her brief expired without a new extension having been requested, nor does it appear that any brief whatever was filed. For these reasons the plaintiff moves to dismiss the appeal taken.

In accordance with the Code of Civil Procedure, the appellant must serve notice of the appeal on the adverse party or on his attorney. The fact that in a certiorari proceeding the writ is directed to the lower court and notice of the proceeding is served on the judge does not imply that, in taking an appeal, the party that may be affected by the judgment rendered when the questions raised in the appeal are decided may be ignored. In order that this Court may acquire appellate jurisdiction, it is necessary that notice of the appeal be served on the adverse party, and the provisions of the statute are not complied with if notice of the appeal is not served on the party really interested in the subject matter of the appeal. The municipal judge is not the party having interests in conflict with the defendant in the unlawful detainer suit, Micaela R. de Báez. The real adverse party, the one that is interested in not having the summons quashed, so that the judgment rendered in its favor may stand, is the

Drug Company of Porto Rico, and it should also have been served with notice of the appeal.

The appeal taken must be dismissed, as this Court lacks jurisdiction to take cognizance thereof.